**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ARKIL LIONKING ZULU,

                Plaintiff,

- v -                               Civ. No. 9:20-CV-312
                                                     (LEK/DJS)

CHRISTOPHER D. WELLS, *et al.*,

                Defendants.

**APPEARANCES:**                               **OF COUNSEL:**

ARKIL LIONKING ZULU
Plaintiff, *Pro Se*
96-A-4462
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

HON. LETITIA JAMES                      KONSTANDINOS D. LERIS, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

    *Pro se* Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision, brought this action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights. Dkt. No. 1, Compl. On initial review of the Complaint, the District Court permitted Eighth Amendment excessive force,

failure to intervene, and deliberate indifference to medical needs, as well as state law negligence, assault, and battery claims to proceed. Dkt. No. 4 at pp. 6-10. Defendants now move to partially dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim. Dkt. Nos. 20 & 39.[1] Specifically, Defendants seek dismissal of all of the state law claims asserted in the Complaint as barred by New York Corrections Law section 24. Dkt. No 20-1, Defs.' Mem. of Law at pp. 3-4. They also seek dismissal of Plaintiff's state law assault and battery claims as untimely. *Id.* at pp. 4-5. Plaintiff opposes the Motion. Dkt. No. 34, Pl.'s Opp. Defendants have submitted a Reply in further support of their Motion. Dkt. No. 37. For the reasons set forth below, the Court recommends that Defendants' Motion be granted.

## I. BACKGROUND

The District Court's initial review order discussed the basic factual allegations in the Complaint in detail. *See* Dkt. No. 4 at pp. 4-6. Generally stated, the Complaint concerns events alleged to have taken place on May 8, 2017. That morning Plaintiff alleges he had a "hostile" interaction with Defendants Magoon and Wells about whether Plaintiff was on the commissary list. Compl. at p. 2. Later the same day, Plaintiff's name was announced over the speaker and he was told to prepare for commissary. *Id.* When Plaintiff's gate opened, he stepped into the gallery and was approached by Defendant Wells who asked, "what do you have in your mouth?" *Id.* at p. 3. Plaintiff responded that he had nothing and opened his mouth to show Wells that it was empty. *Id.* Wells

---

[1] Defendant LaPorte had not appeared or been served with process when the Motion was filed, and has now submitted a request to join in the present Motion. Dkt. No. 39. That request is granted.

2

directed Plaintiff to place his hands on the wall. *Id.* While Plaintiff was complying with the order, Defendant Temer approached and began to pat frisk him in a "harsh manner." *Id.* Temer threw his arm around Plaintiff's neck, tripped Plaintiff, and knocked him to the floor. *Id*. Plaintiff then alleges that he was physically assaulted by multiple Defendants. *Id.* at pp. 3-4. Defendant Mesor was allegedly present during the incident, but failed to intervene to stop it. *Id.* at p. 4. Plaintiff alleges that he was eventually brought to the facility infirmary and that Defendant LaPorte failed to provide appropriate medical care. *Id.* at pp. 4-5.

## II.  LEGAL STANDARD ON A MOTION TO DISMISS

On a motion to dismiss under FED. R. CIV. P. 12(b)(6) the Court takes "all factual allegations in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017). A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 697 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a

3

right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 440 U.S. at 555). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. at 679-80.  Where, as here, the Plaintiff proceeds *pro se*, his papers should be liberally construed to raise the strongest claims they may read to present.  *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990).

### III. DISCUSSION

### A. Corrections Law Section 24

Defendants initially seek dismissal of Plaintiff's state law claims as barred by New York Corrections Law section 24.  Defs.' Mem. of Law at pp. 3-4.

"New York Corrections Law Section 24 provides DOCCS employees immunity from lawsuits based on acts or omissions within the course of their employment. Such actions must be brought in the New York Court of Claims as a claim against the state." *Purcelle v. Thomas*, 2020 WL 1516421, at *15 (N.D.N.Y. Mar. 6, 2020), *report and recommendation adopted*, 2020 WL 1511079 (N.D.N.Y. Mar. 30, 2020).  "The Second Circuit has held that the immunity from suit in state court provided to [DOCCS] employees by § 24 extends to suits for tort claims based on state law against [DOCCS] employees in federal court."  *Williams v. Ferrari*, 2018 WL 1179603, at *8 (N.D.N.Y. Feb. 5, 2018), *report and recommendation adopted*, 2018 WL 1183385 (N.D.N.Y. Mar.

6, 2018) (internal quotations omitted). Immunity under this statute has been recognized in the context of all of the state law claims brought in this action. *Lewis v. Stanton*, 2014 WL 3106566, at *5 (N.D.N.Y. July 7, 2014) (assault and battery claims); *Reeder v. Hogan*, 2011 WL 1484118, at *13 (N.D.N.Y. Mar. 1, 2011), *report and recommendation adopted*, 2011 WL 1302915 (N.D.N.Y. Mar. 31, 2011) (negligence).

In opposing the Motion, Plaintiff relies on the well-established doctrine of pendent jurisdiction to argue that this Court can hear Plaintiff's state court claims. Pl.'s Opp. at pp. 8-12.[2] The Second Circuit, however, has made it clear that this fact does not preclude application of section 24 to claims brought in federal court. *Ierardi v. Sisco*, 119 F.3d 183, 186 (2d Cir. 1997) ("Such immunity is available whether the action is pursued in a state court or, under pendent jurisdiction, in a federal court.").

Accordingly, the Court recommends that Plaintiff's state law claims be dismissed.[3]

### B. Statute of Limitations

In the alternative, Defendants also seek dismissal of Plaintiff's state law assault and battery claims as untimely. Defs.' Mem. of Law at pp. 4-5.

Federal courts apply state statutes of limitations to pendent state claims. *Duran v. Jamaica Hosp.*, 216 F. Supp. 2d 63, 66 (E.D.N.Y. 2002); *Gardner v. St. Bonaventure*

---

[2] In the alternative Plaintiff seeks leave to amend the Complaint. Pl.'s Opp. at pp. 12-13. That request is denied without prejudice since Plaintiff has failed to articulate how he seeks to amend the Complaint.

[3] Corrections Law section 24 typically bars only claims for monetary relief. *Abreu v. Travers*, 2016 WL 6127510, at *17 (N.D.N.Y. Oct. 20, 2016). Here Plaintiff seeks monetary damages as well as a declaration that the alleged assault constituted assault and battery under state law. Compl. at p. 7. Complete dismissal of these claims is warranted under section 24 because "declaratory relief . . . is by definition prospective in nature, . . . and cannot be issued to address past wrongs." *Smith v. New York State*, 2019 WL 2097816, at *5 (N.D.N.Y. May 14, 2019) (internal quotation and citation omitted). The monetary damages for which Corrections Law section 24 provides immunity, therefore, are Plaintiff's only available remedy.

*Univ.*, 171 F. Supp. 2d 118, 128 (W.D.N.Y. 2001).  Under New York law, claims for assault and battery are governed by a one-year statute of limitations.  N.Y. Civ. Prac. Law & R. 215(3); *Aiken v. Nixon*, 236 F. Supp. 2d 211, 239 (N.D.N.Y. 2002).  These claims accrue at the time of the alleged assault.  *Neff v. Cty. of Erie, New York*, 2017 WL 1683905, at *4 (W.D.N.Y. Apr. 4, 2017), *report and recommendation adopted*, 2017 WL 1653043 (W.D.N.Y. May 2, 2017) (citing cases).  The assault giving rise to Plaintiff's assault and battery claims is alleged to have taken place on May 8, 2017.  Compl. at p. 2.  This action was commenced in March 2020, well outside the one-year statute of limitations.  Accordingly, the Court also recommends that Plaintiff's assault and battery claims be dismissed as untimely.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion to Dismiss (Dkt. No. 20) be **GRANTED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[4] within which to file written objections to the foregoing report.  Such objections shall be filed

---

[4] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: September 29, 2020
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge