UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

ARKIL LIONKING ZULU,

                Plaintiff,

  -against-                                      9:20-CV-312 (LEK/DJS)

CHRISTOPHER D. WELLS, *et al.*,

                Defendants.
─────────────────────────────────────────

**DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Arkil Lionking Zulu, currently incarcerated at Elmira Correctional Facility, brings this pro se action against Correction Officer Christopher D. Wells, Correction Officer Adam Tamer, Correction Officer Kellen J. Denny, Correction Officer Cory McCleary, Correction Officer Keith C. Bushey, Sergeant Bryan Mason, Nurse Jacki LaPorte, and Officer Claude Magoon, alleging violations arising out of his confinement at the Clinton Correctional Facility. Dkt. No. 1 ("Complaint"). Plaintiff commenced this action on March 20, 2020, and filed his application to proceed in forma pauperis ("IFP") the same day. Docket. The Court permitted the following claims to proceed: (1) Eighth Amendment excessive force, (2) failure to intervene, (3) deliberate indifference to medical needs, (4) state law negligence, and (5) state law assault and battery. Dkt. No. 4 at 6–10.

On August 17, 2020, Defendants filed a partial motion to dismiss Plaintiff's state law claims. Dkt. Nos. 20 ("Motion"), 20-1 ("Defendants' Memorandum of Law"). On September 17, 2020, Plaintiff filed a response opposing the motion. Dkt. No. 34 ("Plaintiff's Memorandum of Law"). On September 29, 2020, the Honorable Daniel J. Stewart, United States Magistrate Judge,

recommended that Defendants' partial motion to dismiss be granted with respect to Plaintiff's state law claims. Dkt. No. 40 ("Report-Recommendation"). Plaintiff timely filed objections to the Report-Recommendation. Dkt. No. 44 ("Objections"). For the reasons below, the Court approves and adopts the Report-Recommendation in its entirety.

## II.  BACKGROUND

### A. Plaintiff's Factual Allegations

Plaintiff's factual allegations are detailed in the Report-Recommendation, familiarity with which is assumed. See R. & R. at 2–3. For convenience, the Court summarizes them here.

On May 8, 2017, Plaintiff was told to prepare for commissary. Compl. at 2. When Plaintiff's gate opened, he stepped into the gallery and was approached by Wells, who asked Plaintiff what he had in his mouth. Id. at 3. Plaintiff responded that he had nothing and opened his mouth to show Wells that it was empty. Id. Wells directed Plaintiff to place his hands on the wall. Id. at 3. While Plaintiff was complying with the order, Tamer approached Plaintiff and began to frisk him in a "harsh manner." Id. Tamer threw his arm around Plaintiff's neck, tripped Plaintiff, and knocked him to the floor. Id. Plaintiff was then physically assaulted by Wells, Tamer, Magoon, Denny, Mason, and Bushey. Id. at 3–4.

### B. The Report-Recommendation

Judge Stewart recommended granting Defendants' partial motion to dismiss Plaintiff's state law claims against the correction officers because these claims are barred by New York Corrections Law § 24. R. & R. at 4–5. In the alternative, Judge Stewart also recommended granting Defendants' partial motion to dismiss Plaintiff's assault and battery claim as untimely

under New York's one-year statute of limitations governing claims for assault and battery. Id. at 5–6.

### C. Objections

Plaintiff objects to the grant of Defendants' partial motion to dismiss. See generally Objs. Specifically, Plaintiff asserts that New York Corrections Law § 24 is unconstitutional as held in Haywood v. Drown, 556 U.S. 729 (2009), and in any case, state law immunity should not extend to excessive force claims that fall outside the ordinary scope of a correction officer's employment duties. Objs. at 7. Plaintiff adds that Haywood does not affect whether district courts can exercise pendent jurisdiction to hear state law claims against correction officers. Id.

## III. STANDARD OF REVIEW

### A. Review of a Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). To qualify as a specific objection, the objection must, "with particularity, identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." See Garcia v. Duvall, No. 09-CV-884, 2012 WL 42270, at *1–2 (N.D.N.Y. Jan. 9, 2012) (internal quotation marks omitted).

If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect

of a report-recommendation only for clear error. See Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); see also Demuth v. Cutting, No. 18-CV-789, 2020 WL 950229, at *2 (N.D.N.Y. Feb. 27, 2020) (Kahn, J.). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

IV.   DISCUSSION

   A.  Corrections Law § 24 Application

Plaintiff objects to the dismissal of his negligence, assault and battery claims. Objs. at 7. He asserts that these claims should not be subject to Corrections Law § 24 because this law has been ruled unconstitutional. See Id.; Haywood v. Drown, 556 U.S. 729 (2009) (holding that New York could not shut the doors of state courts to hear civil rights actions to recover damages for acts within correction officers' scope of employment). Plaintiff further asserts that state law immunity does not extend to excessive force claims. Objs. at 7.

Plaintiff's objection specifically identifies the portions of the Report-Recommendation to which he has an objection and his basis for objection and does not reiterate arguments made in his Complaint. See Garcia v. Duvall, No. 09-CV-884, 2012 WL 42270, at *1–2 (N.D.N.Y. Jan. 9, 2012). Thus, Plaintiff's objection is a specific objection and the Court will review Plaintiff's claim de novo.

As the Report-Recommendation notes, § 24 "provides DOCCS employees immunity from lawsuits based on acts or omissions within the course of their employment. Such actions must be brought to the New York Court of Claims as claims against the state." R. & R. at 4

(quoting Purcelle v. Thomas, No. 18-CV-77, 2020 WL 1516421, at *15 (N.D.N.Y. Mar. 6, 2020), report and recommendation adopted, 2020 WL 1511079 (N.D.N.Y. Mar. 30, 2020)). This District has held that "immunity from suit in state court provided to [DOCCS] employees by § 24 extends to suits for tort claims based on state law against [DOCCS] employees in federal court." R. & R. at 4 (quoting Williams v. Ferrari, No. 15-CV-0988, 2018 WL 1179603, at *8 (N.D.N.Y. Feb. 5, 2018), report and recommendation adopted, 2018 WL 1183385 (N.D.N.Y. Mar. 6, 2018)). Section 24 has been recognized by this District to apply to all state law claims brought in this action. Lewis v. Stanton, No. 13-CV-1172, 2014 WL 3106566, at *5 (N.D.N.Y. July 7, 2014) (assault and battery); Reeder v. Hogan, No. 09-CV-0977, 2011 WL 1484118, at *13 (N.D.N.Y. Mar. 1, 2011), report and recommendation adopted, 2011 WL 1302915 (N.D.N.Y. Mar. 31, 2011) (negligence).

Although Plaintiff correctly notes that Haywood held § 24 unconstitutional, this case only applied to § 24 precluding inmates from pursuing § 1983 claims in state court. See Rounds v. Thompson, No. 12-CV-953, 2013 WL 3187074, at *4 (N.D.N.Y. June 20, 2013) ("Courts in this District have held that the Haywood decision does not affect the question of the district court's jurisdiction to hear pendent state law claims against DOCCS employees and have continued to dismiss those claims under Corrections Law § 24."). The application of § 24 is constitutional in this context, because it bars state law claims in federal court, not federal claims in state court. Accordingly, the Court adopts Magistrate Judge Stewart's recommendation that Plaintiff's state law claims be dismissed. Because the Court finds that it does not have jurisdiction to hear Plaintiff's state law claims, it does not reach the second part of his objection discussing whether state law immunity extends to excessive force claims.

### B. Statute of Limitations

No objections were filed to this portion of the Report-Recommendation. See generally Objs. Consequently, the court reviews the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation finding that Plaintiff's state law assault and battery claims are untimely and barred by the New York one-year statute of limitations for assault and battery claims. R. & R. at 5–6.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 40) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that Defendants' partial Motion to Dismiss (Dkt. No. 20) be **GRANTED**; and it is further

**ORDERED**, that the clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**[1]

DATED: November 04, 2020
Albany, New York

Lawrence E. Kahn
U.S. District Judge

---

[1] Due to the delays and disruptions caused by the COVID-19 pandemic, some cases/motions were not disposed of prior to the end of the reporting period.