**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ARKIL LIONKING ZULU,

                         Plaintiff,

        - v -                        Civ. No. 9:20-CV-312
                                      (BKS/DJS)

CHRISTOPHER D. WELLS, *et al.*,

                         Defendants.

**APPEARANCES:**                      **OF COUNSEL:**

ARKIL LIONKING ZULU
Plaintiff, *Pro Se*
Bronx, New York 10459

HON. LETITIA JAMES             KONSTANDINOS D. LERIS, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      Plaintiff commenced this action while an inmate in the custody of the New York

State Department of Corrections and Community Supervision.  Brought pursuant to 42

U.S.C. § 1983, the Complaint alleges that Plaintiff was physically assaulted by a number

of the Defendants and was ultimately brought to the facility medical unit where Plaintiff

alleges Defendant LaPorte violated his Eighth Amendment rights[1] by failing to provide

---

[1] State law claims asserted in the Complaint were previously dismissed.  Dkt. No. 46.

adequate medical care.  *See generally* Dkt. No. 1, Compl.  Defendant LaPorte now moves for summary judgment as to that claim.  Dkt. Nos. 59-60.  Plaintiff opposes the Motion, Dkt. No. 67, and Defendant has filed a reply.  Dkt. No. 68.  For the reasons set forth below, the Court recommends that Defendant's Motion be granted.

## I. BACKGROUND

Plaintiff's Complaint concerns events on May 8, 2017 while he was an inmate at Clinton Correctional Facility.  *See generally* Compl.  Plaintiff alleges that several correctional officers used excessive force against him on that date.  Dkt. No. 67, Pl.'s Decl. at ¶ 4.[2]  The alleged use of force is not at issue in this Motion.

Following the use of force, Plaintiff was taken to the infirmary in the facility and seen by Defendant LaPorte, a Registered Nurse at Clinton.  Dkt. No. 60, LaPorte Decl. at ¶¶ 1 & 8.  Plaintiff told Defendant that he was having trouble breathing, thought that his ribs were broken, and wanted to have an x-ray done.  *Id.* at ¶ 9; Pl.'s Decl. at ¶ 7.  Plaintiff also requested to be transported to an outside hospital.  Pl.'s Decl. at ¶ 10.  Nurse LaPorte then conducted a physical examination of Plaintiff.  LaPorte Decl. at ¶¶ 8-12; *see also* Dkt. No. 59-1; Leris Affirm., Ex. B (video of two examinations of Plaintiff).  Defendant did not make any findings that warranted x-rays or Plaintiff's transfer to an outside medical facility.  LaPorte Decl. at ¶ 7.  Plaintiff was transferred to the Special Housing Unit, but returned to the facility infirmary a short time later.  *Id.* at ¶¶ 14-15.  Defendant

---

[2] Plaintiff's response to the Motion contains his Declaration, his Memorandum of Law, his responsive Rule 56 Statement, and his own statement of material facts, all of which were docketed as a single exhibit. Dkt. No. 67. The Court will cite those documents individually throughout this opinion.

examined Plaintiff again, as did another nurse.  *Id.* at ¶¶ 15-18.  The record reflects that Plaintiff was diagnosed several days later with broken ribs.  Pl.'s Decl. at ¶ 12; *see also* Dkt. No. 67 at p. 19.

## II.  STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [] affidavits, if any," that there is no genuine issue of material fact.  *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant.  FED. R. CIV. P. 56(C); see also *Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994).  To that end, sworn statements are "more than mere conclusory allegations subject to disregard ... they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact.

*Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). In considering a summary judgment motion, the Court's role "is carefully limited to discerning whether there are any genuine issues of material fact to be tried." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding pro se, the court must "read [his or her] supporting papers liberally, and ... interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), accord, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

### A. Eighth Amendment Merits

To state an Eighth Amendment claim, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[T]he plaintiff must allege conduct that is 'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that

4

mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06). For a claim such as alleged here, the inmate must demonstrate (1) a serious medical condition and (2) deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Deliberate indifference to serious medical needs can be stated where "prison guards [ ] intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. at 104-105. "Plaintiff must submit some evidence that a defendant interfered with his prescribed course of treatment and caused plaintiff to suffer pain." *Guarneri v. Hazzard*, 2010 WL 1064330, at *14 (N.D.N.Y. Mar. 22, 2010) (citation omitted)

The first prong is an objective standard and considers whether the medical condition is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The Second Circuit has stated that a medical need is serious if it presents "a condition of urgency that may result in degeneration or extreme pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citation omitted). Among the relevant factors to consider are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

The second prong of the Eighth Amendment analysis is a subjective standard requiring a plaintiff to demonstrate that a defendant acted with the requisite culpable mental state similar to that of criminal recklessness. *Wilson v. Seiter*, 501 U.S. at 301-03; *Hathaway v. Coughlin*, 37 F.3d at 66. A plaintiff must demonstrate that the defendant acted with reckless disregard to a known substantial risk of harm. *Farmer v. Brennan*, 511 U.S. at 836. "In order to rise to the level of deliberate indifference, the defendant must have known of and disregarded an excessive risk to the inmate's health or safety." *Wright v. Genovese*, 694 F. Supp. 2d 137, 154 (N.D.N.Y. 2010) (citing *Chance v. Armstrong*, 143 F.3d at 702). The defendant must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must draw that inference. *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. at 837).

The Court presumes for purposes of this Motion that Plaintiff's fractured ribs were a sufficiently serious condition. *McMillon v. Davidson*, 873 F. Supp. 2d 512, 514 (W.D.N.Y. 2012) ("viewing the facts in the light most favorable to plaintiff, the Court will assume, for purposes of [the] motion, that [plaintiff's] pain from his fractured rib presented a serious medical need."); *see also* Reply at p. 3 ("there is no argument in the initial moving papers that Plaintiff's alleged injury did not satisfy the 'sufficiently serious' prong of the objective component."); *but see Sloane v. Borawski*, 64 F. Supp. 3d 473, 494 (W.D.N.Y. 2014) ("broken ribs, ankle fracture and lower right-side back injury . . . cannot meet the objective component of an Eighth Amendment violation.").

With respect to the subjective prong of the deliberate indifference analysis, the Court finds that summary judgment is appropriate.

First, insofar as Plaintiff's claim is premised on Defendant's failure to order x-rays or refer him to an outside hospital summary judgment is clearly appropriate. "[D]isagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . . are not adequate grounds for a Section 1983 claim." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001); *see also Cusamano v. Sobek,* 604 F. Supp. 2d 416, 439 n. 37 (N.D.N.Y. 2009); *Proctor v. Vadlamudi*, 992 F. Supp. 156, 159 (N.D.N.Y. 1998). In Defendant's medical judgment, x-rays were not needed and further treatment of Plaintiff was not implicated. LaPorte Decl. at ¶¶ 7 & 13. "It is well-established that mere disagreement over the proper treatment does not create a constitutional claim." *Chance v. Armstrong*, 143 F.3d at 703.

Second, related specifically to Defendant's examination and treatment of Plaintiff, the record finds no support for Plaintiff's claim of deliberate indifference.[3] Significantly, Plaintiff admits that on the date in question he "did not present any symptoms of fractured ribs." Def.'s Rule 56.1(a) St. at ¶ 13; Pl.'s Resp. to Def.'s Rule 56.1(a) St. at ¶ 13. Plaintiff complained of pain and difficulty breathing, and requested that x-rays be taken

---

[3] Plaintiff, in fact, makes little argument in this regard. The clear thrust of his Complaint is the failure to do additional testing and refer him for further treatment. Compl. at p. 5; Dkt. No. 67 at p. 27.

to assess if he had broken ribs. *See* Pl.'s Decl. at ¶ 3; LaPorte Decl. at ¶ 9. Those complaints were not ignored, however. Defendant conducted an examination of Plaintiff and evaluated his medical condition. Def.'s Rule 56.1(a) St. at ¶ 7; Pl.'s Resp. to Def.'s Rule 56.1(a) St. at ¶ 7. During her examination, Defendant noted that Plaintiff's chest appeared symmetrical and that he did not appear to be in respiratory distress. LaPorte Decl. at ¶ 10 & Ex. A. These are considered the chief grounds for diagnosis of broken ribs. *Id.* at ¶ 13. Defendant's examination included listening to Plaintiff's breathing and checking his oxygen saturation. *Id.* at ¶ 11.[4] Both of which indicated his lungs were functioning properly. *Id.*

When Plaintiff returned to the infirmary continuing to complain of pain, Defendant re-examined Plaintiff. Leris Affirm., Ex. B at 28:30. In addition, Defendant sought the assistance of another nurse, Nurse Marleau, to assist in the evaluation of Plaintiff. LaPorte Decl. at ¶ 15. This is further evidence that she was not acting with indifference toward Plaintiff. *Cf. Pabon v. Goord*, 2003 WL 1787268, at *8 n. 6 (S.D.N.Y. Mar. 28, 2003) ("securing a second opinion prior to undertaking serious, but non-emergency surgery, is reasonable and is not evidence of deliberate indifference.").

Here, given the results of her examination of Plaintiff, Defendant was not aware of facts suggesting a risk of harm to Plaintiff. Defendant has stated that there was no additional treatment that could have been provided to Plaintiff even if fractured ribs had

---

[4] Though Plaintiff specifically denies that LaPorte listened to his breathing in his response to Defendant's Statement of Material Facts, the video of the examination makes plain that she did do so. Leris Affirm., Ex. B at 8:40-9:12.

been diagnosed at the time.  LaPorte Decl. at ¶ 19.  There is no Eighth Amendment deliberate indifference claim when the inmate is examined by medical staff and found to have no condition needing treatment.  *Powell v. Cusimano*, 326 F. Supp. 2d 322, 339 (D. Conn. 2004).

## B. Qualified Immunity

Summary judgment is also appropriate based on qualified immunity.  The doctrine of qualified immunity shields public officials from suit for conduct undertaken in the course of their duties if it "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Whether an official protected by qualified immunity may be held liable for an alleged unlawful action turns on the objective legal reasonableness of the action assessed in light of the legal rules that were clearly established at the time the action was taken.  *Anderson v. Creighton*, 483 U.S. 635, 639 (1987); *Lewis v. Cowen*, 165 F.3d 154, 166 (2d Cir. 1999).  Given that Plaintiff's Eighth Amendment right to adequate medical treatment was clearly established at the time of this incident, the question before the Court is whether Defendant could have reasonably known that the treatment she provided violated that right.

To recap, Defendant examined Plaintiff, including a physical examination for injuries, took vital signs, listened to Plaintiff's breathing, and discussed his complaints of pain with him during her initial interaction with Plaintiff.  LaPorte Decl. at ¶¶ 7-13 & Ex. A.  When Plaintiff returned to the infirmary, Defendant asked another nurse to

independently evaluate Plaintiff. *Id.* at ¶ 15 & Ex. B. That nurse reached a similar conclusion. *Id.* at ¶ 16 & Ex. B. In Defendant's professional medical judgment neither an x-ray nor referral to an outside hospital was warranted. LaPorte Decl. at ¶ 13. In light of this record, no objective view of that course of conduct supports a conclusion that Defendant's conduct was unreasonable. Thus, it was objectively reasonable for Defendant to believe she had not violated Plaintiff's rights and, as such, qualified immunity is appropriate. *Grubbs v. Grimaldi*, 2019 WL 720969, at *9 (N.D.N.Y. Jan. 23, 2019), *report and recommendation adopted*, 2019 WL 719383 (N.D.N.Y. Feb. 20, 2019); *Rothschild v. Doe #1*, 2018 WL 4554499, at *10 (N.D.N.Y. Sept. 21, 2018).

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 59) be **GRANTED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[5] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN**

---

[5] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date:  May 13, 2022
         Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge