UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ARKIL LIONKING ZULU,

                              Plaintiff,                    9:20-cv-312 (BKS/DJS)

v.

CHRISTOPHER D. WELLS, et al.,

                              Defendants.

---

**Appearances:**

*Plaintiff pro se:*
Arkil LionKing Zulu
Bronx, NY 10459

*For Defendants:*
Letitia James
Attorney General of the State of New York
Konstandinos D. Leris
Assistant Attorney General, of Counsel
New York State Attorney General's Office
The Capital
Albany, New York 12224

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff Arkil LionKing Zulu commenced this action under 42 U.S.C. § 1983, raising Eighth Amendment claims of excessive force, failure to intervene and deliberate medical indifference arising out of his incarceration at the Clinton County Correctional Facility. (Dkt. No. 1). On September 29, 2021, Defendant Jacki LaPorte filed a motion for summary judgment under Fed. R. Civ. P. 56 seeking dismissal of the deliberate medical indifference claim. (Dkt. No. 59). The motion was fully briefed, with a response filed by Plaintiff on December 16, 2021, (Dkt. No. 67), and a reply filed by Defendant LaPorte on December 20, 2021, (Dkt. No. 68).

This matter was referred to United States Magistrate Judge Daniel J. Stewart who, on May 13, 2022, issued a Report-Recommendation recommending that Defendant's motion for summary judgment be granted. (Dkt. No. 69). Plaintiff has filed a timely objection to the Report-Recommendation. (Dkt. No. 72). For the reasons set forth below, the Report-Recommendation is adopted.

I.     STANDARD OF REVIEW

This court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted); *see* N.D.N.Y. Local Rule 72.1(c) (objections must "specifically identify the portion of the proposed findings, recommendations, or report to which [the party] has an objection and the basis for the objection"). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Kruger*, 976 F. Supp. 2d at 296.

## II.     DISCUSSION

### A.     Facts

Plaintiff's deliberate medical indifference claim against Defendant LaPorte, a registered nurse at Clinton Correctional Facility, is based upon her examination of him on May 8, 2017, after a use of force incident. Plaintiff told her that he could not breath, that he thought his ribs were broken, and that he wanted an x-ray. (Dkt. No. 59-2, ¶ 6; Dkt. No. 67 at 3). Defendant evaluated Plaintiff's medical condition and completed an inmate injury report, documenting his complaint. (Dkt. No. 59-2, ¶ 7; Dkt. No. 67 at 3; Dkt. No. 60 at 7). Her physical examination was recorded on video and submitted in support of the motion for summary judgment. (Dkt. No. 59-1, at 2). Plaintiff admitted, in response to the Defendant's statement of material facts, that he "did not present with any symptoms of fractured ribs." (Dkt. No. 59-2, ¶ 13; Dkt. No. 67 at 3). Plaintiff alleges that Defendant said "their [sic] is nothing wrong with you, as far as I can see, you are alright." (Dkt. No. 67, at 6).

When Plaintiff returned to the infirmary a short time later that day, "with continued complaints of difficulty breathing and rib pain," Defendant asked another registered nurse at the facility to assist in evaluating Plaintiff's condition. (Dkt. No. 60, at 4; Dkt. No. 59-2, ¶ 17; Dkt. No. 67 at 3).[1] Plaintiff testified that Dr. Vonde Johnson told him on May 12, 2017 that he had three fractured ribs, and that on June 6th he went to the Adirondack Hospital and learned that one of his lungs "collapsed and has risen," "[a]nd that's why [his] breathing was so labored." (Dkt.

---

[1] The second examination was also recorded on the video submitted in support of the motion for summary judgment. (Dkt. No. 59-1, at 2).

3

No. 59-1, at 140, 166–67). He testified that he was not given any specific treatment for the collapsed lung. (*Id.* at 141–42).[2]

In support of her motion for summary judgment Defendant submitted an affidavit stating that she concluded, after her physical examination of Plaintiff, that Plaintiff "did not present with any of the[ ] symptoms" of fractured ribs; that an x-ray "was not medically necessary"; and that "Plaintiff did not need to be sent to an outside hospital for additional medical treatment." (Dkt. No. 60, at 3). The nurse whom Defendant consulted when Plaintiff returned to the infirmary also "did not note any symptoms of fractured ribs," after her physical examination and agreed that an x-ray was not medically necessary. (*Id.* at 4). Defendant asserts that the nurse offered Plaintiff ibuprofen but Plaintiff refused ibuprofen. (*Id.*). Defendant alleges that "even if Plaintiff had been diagnosed with fractured ribs, the treatment provided" – "monitoring, rest and recuperation" – "would not have differed in any way" because fractured ribs cannot be cast. (Dkt. No. 60, at 4).

### B. The Report-Recommendation

Magistrate Judge Stewart assumed, for the purpose of the motion, that Plaintiff's fractured ribs were a sufficiently serious condition, but found that summary judgment was appropriate with respect to the subjective prong of the deliberate indifference analysis. (Dkt. No. 69, at 6–7). Magistrate Judge Stewart noted that to the extent Plaintiff's claim was premised on the failure to order x-rays, the mere disagreement over treatment did not raise a constitutional claim. (*Id.* at 7). The Report considered the facts that Defendant did not ignore Plaintiff's complaints; that Defendant conducted a physical examination, which included listening to Plaintiff's breathing, checking his oxygen saturation, and examining his chest for symmetry; that

---

[2] Plaintiff submitted a medical record which appears to indicate that x-rays taken on May 9, 2017 revealed four fractured ribs, with one rib "moderately displaced," and that following examinations at the Adirondack facility on June 5th and June 12th it was determined that no further follow-up was necessary. (Dkt. No. 67, at 19–20).

4

Defendant sought the assistance of another nurse when Plaintiff returned to the infirmary; and concluded that, given the results of her examination, Defendant "was not aware of facts suggesting a risk of harm to Plaintiff." (*Id.* at 8). Magistrate Judge Stewart cited to Defendant's affidavit stating that there was no additional treatment that could have been provided to Plaintiff even if fractured ribs had been diagnosed at the time. (*Id.* at 8–9). Finally, Magistrate Judge Stewart concluded that on this record, Defendant was entitled to qualified immunity because it was objectively reasonable to believe that she had not violated the Plaintiff's rights. (*Id.* at 10).

C. Analysis

"[T]o establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotes and brackets omitted). There is an objective and a subjective component: "the alleged deprivation must be, in objective terms, 'sufficiently serious,'" and "the defendant 'must act with a sufficiently culpable state of mind.'" *Id.* (citation omitted). To satisfy the subjective component, a plaintiff must establish the equivalent of criminal recklessness, i.e., that the defendant "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). "[N]egligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." *Chance*, 143 F.3d at 703.

Plaintiff objects to the Report's characterization of his claim as a mere disagreement over the proper form of treatment. (Dkt. No. 72, at 6). Plaintiff argues that the "thrust of [his] complaint is not the failure of (RN) defendant LaPorte to do additional testing and refer plaintiff for further treatment"; he asserts that "the basis of [his] complaint is what (RN) defendant failed to do . . . ." (*Id.*). Plaintiff cites to Defendant's assessment that he was "in no apparent distress," noting that another nurse, later that day, gave Plaintiff a pain medication, Ultram. (Dkt. No. 72,

5

at 7). Plaintiff notes that "there is no record" that Defendant provided Plaintiff with Ultram. (*Id.*). While Plaintiff argues that this receipt of pain medication later that day proves that he was "in serious pain due to four fractures on the left side of his body," (*id.*), the Report presumed that Plaintiff satisfied the objective standard of a sufficiently serious medical need, (Dkt. No. 69, at 6). Plaintiff asserts that had he received x-rays that day "it would have been known" that his ribs were broken. (Dkt. No. 72, at 8).

      Having reviewed Plaintiff's objection de novo, the Court agrees with Magistrate Judge Stewart that Plaintiff has failed to establish the subjective component of a deliberate indifference claim. As the Report notes, to the extent Plaintiff disagrees with Defendant's treatment decision, including her decision not to refer him for x-rays, that is not a basis for an Eighth Amendment claim. "It is well established that mere disagreement over the proper treatment does not create a constitutional claim." *Chance*, 143 F.3d at 703; *see, e.g.*, *Felix-Torres v. Graham*, 687 F.Supp. 2d 38, 63 (N.D.N.Y. 2009) ("[D]isagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . . are not adequate grounds for a section 1983 claim." (internal quotations omitted)). The gist of Plaintiff's claim, even as he presents it in his objection, is his disagreement with Defendant's treatment decision. *See, e.g.*, Dkt. No. 72, at 7 (arguing that "any reasonable medical staff would have called the facility medical doctor to make a referral . . . to determine if plaintiff ribs was indeed fractured"); *id*. at 8 (challenging the defendant's "medical determination that higher medical attention was not needed," in light of the pain medication he received later that day).

      The fact that the Defendant determined Plaintiff was "in no apparent distress," and another nurse, later that day, gave Plaintiff a pain medication, Ultram, does not give rise to an inference of deliberate indifference. (Dkt. No. 72, at 7). The inmate injury report documenting

Defendant's assessment, states: "A/Ox3. Ambulating without difficulty. Lungs clear throughout bilaterally. Vital signs stable. No acute distress." (Dkt. No. 60, at 7–8). Plaintiff has not challenged the facts underlying that assessment. Nor has Plaintiff raised a deliberate indifference claim based upon any failure to offer pain medication. (Dkt. No. 1); *see also* Dkt. No. 59-1, at 148–50 (during his deposition, when asked what Defendant "should have done," Plaintiff said that she should have put him in for the radiologist that day or referred him to an outside hospital the next day).

For the reasons set forth in the Report, Plaintiff has failed to raise any issue of material fact as to deliberate indifference with respect to the Defendant's examination and treatment. *See* Dkt. No. 69, at 7–9 (noting that Defendant examined Plaintiff and evaluated his medical condition; that Defendant later sought another nurse to assist in the evaluation; that there was no additional treatment that could have been provided to Plaintiff even if he had been diagnosed with fractured ribs; and that Plaintiff admitted he "did not present any symptoms of fractured ribs").

Having reviewed Plaintiff's objection de novo, and construing all of the evidence in the light most favorable to Plaintiff, the Court finds that he has failed to establish the subjective component of a deliberate indifference claim. The Court has reviewed the remaining portion of the Report for clear error and found none. Accordingly, the Report-Recommendation is adopted for the reasons stated therein.

### III.   CONCLUSION

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 69) is **ADOPTED**; and it is further

**ORDERED** that Defendant LaPorte's Motion for Summary Judgment (Dkt. No. 59) is **GRANTED**, and the deliberate medical indifference claim is **DISMISSED**; and it is further

**ORDERED** that the case will proceed to trial against the remaining Defendants on the Eighth Amendment excessive force and failure to intervene claims; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 11, 2022
Syracuse, New York

*/s/ Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge